IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| 611 BOULEVARD LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-478-ECM |
| ) | |
| THE CITY OF VALLEY, AL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is a motion for partial dismissal of the complaint, filed by the Defendant City of Valley, Alabama ("the Defendant"). (Doc. 17).

The Plaintiff, 611 Boulevard LLC ("the Plaintiff"), brings claims for violation of the Clean Water Act (count I), negligence (count II), public nuisance (count III), private nuisance (count IV), trespass (count V), and writ of mandamus (count VI).

The Defendant has moved to dismiss the claims in counts II, III, IV, and V, and any claim for punitive damages.

Upon consideration of the record, briefs, and the applicable law, and for the reasons that follow, the partial motion to dismiss is due to be GRANTED in part and DENIED in part.

**I. STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## II. FACTS

The facts, taken in a light most favorable to the non-movant, are as follows:

On May 23, 2019, the Plaintiff purchased two parcels of property in Chambers County, Alabama. The first parcel was located at 611 Boulevard, Valley, Alabama, and the second parcel was located at the same street address, but had no buildings or structures on the property. (Doc. 1 at 4-5). Previously, in August of 2018, the Defendant had purchased land surrounding the Plaintiff's property. That site comprised 16 acres with Boulevard to the east, south, and west. (*Id.* at 6).

The Defendant received approval from the Environmental Protection Agency and the Alabama Department of Environmental Management (ADEM) to clear building materials and grade the Defendant's property. (*Id.* at 7). The Defendant began performing site work after receiving approval from ADEM in November, 2020. (*Id.*). Prior to the commencement of this work, the elevations between the Plaintiff's property and the Defendant's property are alleged in the complaint to have been substantially the same. (*Id.*). The site work that the Defendant performed is alleged to have increased the elevation and slope from the Defendant's site to the Plaintiff's property, resulting in water and soil being funneled to the Plaintiff's property. (*Id.*). The Plaintiff and Defendant met to discuss the erosion issue, but the Defendant's attempts at remediation were unsuccessful.

The complaint alleges that the Plaintiff's property has been damaged by water run-off and erosion to the extent that it may no longer be used as was intended or for any other commercial purpose. (*Id.* at 11).

### III. DISCUSSION

The City moves for dismissal of counts II, III, IV, and V on two bases: failure to file a sufficient notice of claim and immunity under state law.

*1. Notice of Claim*

Under Alabama law, a claim cannot be brought against a city without a filing a notice of claim "stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred, and the damages claimed." ALA. CODE §11–47–192. The plaintiff has the burden to prove substantial compliance with the claim-filing requirement. *Shuler v. Bd. of Trustees of Univ. of Alabama,* 480 F. App'x 540, 543

3

(11th Cir. 2012)(citing *McCarroll v. City of Bessemer*, 289 Ala. 449, 268 So.2d 731, 735 (1972)("[I]n order to maintain an action against a municipal corporation the filing of the statement of claim in substantial compliance with the statute must be alleged and proved.")).  In addition, claims against a municipality "shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." ALA. CODE §11–47–23.

The Defendant argues that the Plaintiff did not plead compliance with the notice of claim statutes in the complaint and that the state-law claims are due to be dismissed on that basis.  The Plaintiff responds that the notice of claim is an affirmative defense like a statute of limitations defense so that compliance with it need not be pleaded, citing *Hamilton v. City of Anniston*, 109 So. 2d 728 (Ala. 1959).

In an unpublished opinion, the Eleventh Circuit quoted a decision of the Alabama Supreme Court which provided, "in order to maintain an action against a municipal corporation the filing of the statement of claim in substantial compliance with the statute must be alleged and proved."). *Shuler v. Bd. of Trustees of Univ. of Alabama*, 480 F. App'x 540, 543 (11th Cir. 2012)(quoting *McCarroll v. City of Bessemer*, 289 Ala. 449, 268 So.2d 731, 735 (1972)).  In this case, however, the Court need not reach the issue of whether compliance must be pleaded, because the Plaintiff alleges in the complaint that it served

notice of the violations on the Defendant. (Doc. 1 at 3, 15).[1]

The Defendant also disputes that the Plaintiff's submissions to it substantially complied with the notice of claim statutes. Specifically with respect to a letter dated December 9, 2020,[2] the Defendant argues that there is no substantial compliance with the notice of claim statute because the letter does not identify the claiming party as being 611 Boulevard LLC, but instead identifies Mike Sanford ("Sanford"), a member of the LLC. The Defendant argues that omitting the company from the letter is a material omission which undermines substantial compliance with the notice of claim statute. (Doc. 24 at 4-5).

The December 2020 letter states at its beginning that the attorney represents Sanford and his company, "611 BLVD LLC." (Doc. 22-1 at 2). The letter goes on to set out that Sanford "and his company" would hereinafter be referred to as ("Sanford" or "611"). The letter also states that Sanford purchased property through 611 BLVD LLC, and that it was

---

[1] The Court notes that the complaint refers to a May 2021 letter, which is attached to the complaint. (Doc. 1 at 3, 15). Whether sufficient notice of claim was given is addressed below. Regardless of whether the letter constitutes sufficient notice, the complaint contains an allegation that notice was given.

[2] A district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint. FED. R. CIV. P. 12(b). There is an exception where a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Here, it is the Plaintiff which has submitted the documents to supplement its original submission and to substantiate its allegation that it gave a notice of claim. Because the "potential harm [to the plaintiff] that courts are mindful of in these situations is the lack of notice that the attached document may be considered by the court," *id*., and because it is clear that the Plaintiff has notice, the Plaintiff having submitted the documents, the Court concludes that the documents submitted by the Plaintiff to substantiate its notice of claim can be considered in deciding the motion to dismiss. In addition, the Court notes that there is no need for an amendment to the complaint to refer to the additional documents because the complaint already alleges that notice of claim was served on the Defendant.

that property which suffered damage as a result of the Defendant's actions. (*Id.*). The letter further states that damage was allegedly suffered at the address 611 Boulevard, Valley, Alabama as a result of the Defendant's negligence and trespass. (*Id*. at 2-3). Therefore, despite the letter's use of "Sanford" to refer to both Sanford and 611 Boulevard LLC, this Court cannot agree with the Defendant's argument that there was a material omission of the party actually harmed. The motion to dismiss is due to be DENIED to the extent that it seeks dismissal based a lack of substantial compliance with the notice of claim statutes.

   *2. Immunity*

Alabama law entitles a city to immunity for injuries caused by its agents unless the injuries resulted from neglect, carelessness, or unskillfulness. ALA. CODE § 11-47-190. Based on that statute, the Defendant argues that the claim in count II for wanton conduct and the claim in count V for trespass are due to be dismissed.

Under Alabama law, the claim of wantonness is not based on neglect, carelessness, or unskillfulness. *See Bozeman v. Central Bank of the South*, 646 So.2d 601, 603 (Ala.1994)(defining wantonness the conscious doing of any act or the omission of a duty, while knowing the existing conditions and knowing that by acting or failing to act, injury will likely or probably result). The wantonness claim is, therefore, due to be dismissed. *See Hawkins v. City of Greenville*, 101 F. Supp. 2d 1356, 1365 (M.D. Ala. 2000). In addition, any claim for punitive damages in this case brought pursuant to a wantonness claim, or any other state-law claim, is due to be dismissed. *See* ALA. CODE § 6–11–26.

With respect to the claim for trespass, although the Defendant contends that it is an intentional tort and not a negligence claim, Alabama courts appear to have recognized a

6

trespass theory that can be brought against a municipality. For example, the Alabama Court of Civil Appeals has reasoned that "'[t]he viability of a negligence action against a municipality under § 11–47–190 determines the success or failure of a nuisance action based upon the same facts . . . .' The same is true for an action in trespass." *Furin v. City of Huntsville*, 3 So. 3d 256, 267 (Ala. Civ. App. 2008)(citation omitted).

Federal district courts, including a judge in this district, have reasoned that a trespass claim may not be barred by ALA. CODE § 11–47–190 because "[t]he intent required as a basis for liability as a trespass is simply an intent to be at the place on the land where the trespass allegedly occurred." *Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1214 (M.D. Ala. 2000)(quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 13, at 73 (5th ed.1984)). The trespassers in *Roberts* were alleged to believe that they were rightfully on the plaintiff's property and, therefore, the court reasoned that their presence on the property could be a result of neglect or carelessness. *Id.*; *see also Johnson v. City of Prichard*, 771 F. Supp. 2d 1310, 1315–16 (S.D. Ala. 2011)(reasoning that if the defendant employees "were mistaken in their belief that they had proper authority, then their trespass could have resulted from their neglect or carelessness.").

As the Defendant points out, the complaint in this case alleges that the Defendant's actions were intentional. While the complaint alleges that the Defendant did not have permission to be on the Plaintiff's property, it does not allege that the Defendant knew that it did not have permission to be on the property. (Doc. 1 at 21). Instead, the Defendant's presence on the property occurred after a meeting during which the Defendant informed the Plaintiff that it would do what it could to address the erosion on to the Plaintiff's

7

property. (*Id.* at 10).  This allows for the inference that the Defendant's agents acted without knowing that their actions were not authorized. *See Johnson*, 771 F. Supp. 2d at 1316 ("Plaintiff's allegations do not imply that defendants acted with the knowledge that their actions were wrongful or were not properly authorized.").  In light of *Furin*, this Court is persuaded by *Johnson* and *Roberts* that the allegations in this case sufficiently allege a trespass claim not barred by ALA. CODE § 11–47–190.  Therefore, the motion to dismiss is due to be DENIED to the extent that neglect, carelessness, or unskillfulness are alleged as a reason for the alleged trespass in this case.

## IV.   CONCLUSION

For the reasons discussed, it is hereby ORDERED that the partial motion to dismiss (doc. 17) is GRANTED in part and DENIED in part as follows:

1. The partial motion to dismiss GRANTED as to the Plaintiff's wantonness claim in count II, and to the extent that the trespass claim in count IV is alleged to be intentional, and those claims are DISMISSED.

2. The partial motion to dismiss is GRANTED as to any state-law claims for punitive damages.

3. The Motion to Dismiss is DENIED as to counts II, III, IV, and to the extent that a negligence theory is pleaded in count V.

Done this 7th day of October, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE